042716Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| LAURA WILLGING, | )<br>) |
| Plaintiff, | ) No. 15 cv 1031 EJM<br>) |
| vs. | )<br>) ORDER |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §416. Briefing concluded April 20, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) (1) failed to consider all of Willging's impairments, and (2) erred in assessing Willging's fibromyalgia when formulating the Residual Functional Capacity (RFC.) Plaintiff asserts that the Commissioner's decision is thus not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

1

Regarding the ALJ's alleged failure to consider all of Willging's impairments, the ALJ properly found at step two that Willging had severe impairments, including fibromyalgia, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder (PTSD.) Willging argues that the ALJ failed to include other severe impairments of migraine headaches, carpal tunnel syndrome, Raynaud's syndrome and neuropathy. Pl.'s Br. pp. 2-6. The short answer to this is, at step two, the ALJ need only find one or more severe limitations to proceed to the next step. Finding more than one does not change the analysis. The ALJ did take into account all impairments in step four while formulating the RFC and at step five when applying the RFC. See Tr. pp. 25 and 28.

Any potential error by the ALJ at step two would have been harmless since the ALJ found that plaintiff had other severe impairments and proceeded to step three of the sequential evaluation (Tr. 26-27). The purpose at step two is not to conclusively evaluate the severity of each individual impairment, but only "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." See Bowen v. Yuckert, 482 U.S. 137, 155-56 (1987); 20 C.F.R. § 404.1520(a)(4)(ii). The regulations require only that a claimant establish at least one severe impairment to avoid a denial of benefits at step two. 20 C.F.R. § 404.1520(a)(4)(ii). As long as the ALJ finds at least one severe impairment, the ALJ may not deny benefits at step two and must proceed to the next step, as the ALJ did here. Id. Carpenter v. Astrue, 537 F.3d

1264, 1265-66 (10th Cir. 2008); Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987); Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007).

Regarding the ALJ's alleged error in assessing Willging's fibromyalgia, the ALJ found at step two that her fibromyalgia was a severe impairment that significantly limited her ability to perform basic work activities (Tr. 26). The ALJ then accounted for the specific work-related limitations resulting from plaintiff's fibromyalgia in the RFC by restricting her to a reduced range of sedentary work involving lifting and carrying no more than 10 pounds; standing and walking no more than 2 total hours in an 8-hour workday; no more than occasionally climbing, balancing, stooping, kneeling, or crouching; no crawling or climbing of ladders, ropes, or scaffolds; only simple routine tasks; and only occasional interaction with others (Tr. 28). The ALJ thoroughly discussed the medical and testimonial evidence pertaining to plaintiff's fibromyalgia and based his review on all of the evidence (Tr. 28-34).

Plaintiff's contention that "the ALJ failed to properly consider SSR 12-2p," which specifically addresses the evaluation of fibromyalgia, is factually incorrect. The ALJ fully discussed SSR 12-2p in his analysis. (Tr. 27).

Plaintiff's further assertion that the ALJ improperly dismissed her subjective complaints of fatigue also lacks merit. The ALJ demonstrated that he properly considered plaintiff's fibromyalgia symptoms by finding fibromyalgia limited plaintiff to a reduced range of sedentary work with additional postural and mental

limitations (Tr. 28). He specifically stated that he found "her allegations of fatigue [were] somewhat credible" and further restricted her to sedentary work rather than light work (Tr. 30). He noted, however, that the record did not support further limitations beyond that (Tr. 30).

In sum, the record demonstrates that the ALJ properly considered all of the evidence and accounted for all of the limitations the record established. Plaintiff's arguments to the contrary amount to a request that the Court impermissibly reweigh the evidence in plaintiff's favor. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992); Hurd, 621 F.3d at 738 (citing Howard, 255 F.3d at 581).

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

April 27, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT